IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JORGE DIAZ, M32817,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-420-DWD |
| | ) | |
| **PEOPLE OF THE STATE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On February 16, 2024, Plaintiff Jorge Diaz, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center (Pinckneyville), filed a document styled as a "civil rights petition" wherein he discussed perceived threats he is facing at Pinckneyville. (Doc. 1). In the motion, Plaintiff expresses concern that his criminal conviction is being used to extort his family and to carry out retaliation against him. Plaintiff asks the Court to transfer him to a state mental health hospital or to a prison with appropriate protective custody. (Doc. 1 at 3). He alleges he has raised his concerns for a few years in prison, but nothing has changed.

The first step in this action is to file a complaint. *See* FED. R. CIV. P. 3, Advisory Committee Notes, 1937 Adoption. Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by the filing of a complaint with the court." FED. R. CIV. P. 3. Although Plaintiff's Motion alludes to possible civil claims under 42

U.S.C. § 1983,[1] which allows an inmate to litigate constitutional violations in federal court, the Motion itself cannot serve as a complaint. The Motion does not satisfy the basic requirements of a pleading, which require a case caption that names each party, and factual allegations that plainly describe the relief sought from the named parties. FED. R. CIV. P. 10 (a caption must name all parties, and a party must state claims in separate paragraphs each limited to a single set of events); FED. R. CIV. P. 8 (a pleading that states a claim must contain a short plain statement about the court's jurisdiction, the claims for relief, and a demand for the relief sought). Without a document that meets these basic requirements, Plaintiff cannot proceed.

Although *pro se* litigants are not held to the same standards applied to licensed attorneys, Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999), they are also not entitled to a general dispensation of the basic rules of procedure, Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994). Without a complaint, the Court cannot properly analyze Plaintiff's claims, and it also cannot grant injunctive relief because the viability of an injunction depends in part on the potential merits of the underlying claims. See, Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020) (to seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief).

**IT IS THEREFORE ORDERED** that a decision on the pending motion for preliminary injunction (Doc. 1) is **DEFERRED** until the Court receives a complaint. The

---

[1] This Order does not constitute an opinion on the potential merit of the issues that Plaintiff discusses in his Motion and correspondence.

deadline for filing a complaint is **March 18, 2024**. Plaintiff is warned that if he does not file anything by that time, this action shall be dismissed for failure to follow court orders. Plaintiff should be careful to include all facts he wants considered in a single written complaint. To assist Plaintiff, the Clerk of Court is **DIRECTED** to send Plaintiff a blank civil rights complaint form. Plaintiff should also be aware that if he decides to proceed with a civil case, he will have to pay either $350 (if he qualifies for in forma pauperis status) or $405 (the regular civil filing fee). The Clerk of Court has already sent Plaintiff an in forma pauperis application which he can submit if he decides to proceed in this case.

**IT IS SO ORDERED.**

Dated: February 19, 2024                    /s *David W. Dugan*

                                            _____
                                            DAVID W. DUGAN
                                            United States District Judge