IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORGE DIAZ, M32817,<br>JOSE DIAZ,<br>CRISTOBAL DIAZ,<br>LETICIA LOPEZ,<br><br>     Plaintiffs,<br><br>vs.<br><br>HECTOR GARCIA,<br>E. KINONES,<br>ERICK READ,<br>CHRISTOPHER HARRIES,<br>ANDERSON JAMES,<br><br>     Defendants. | Case No. 24-cv-420-DWD |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On February 16, 2024, Plaintiff Jorge Diaz, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center (Pinckneyville), filed a document styled as a "civil rights petition" wherein he discussed perceived threats he is facing at Pinckneyville. (Doc. 1). The Motion (Doc. 1) sought immediate injunctive relief but did not otherwise provide a sufficient basis to pursue a case under 42 U.S.C. § 1983. Given the lack of a proper complaint, the Court directed Plaintiff to file a proper pleading and explained the basic parameters of what is required to state a claim. (Doc. 4). Plaintiff has now filed a Complaint (Doc. 6), a Motion for Recruitment of Counsel (Doc. 7), and a Motion for Summary Judgment (Doc. 10).

Plaintiff's Complaint (Doc. 6) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff's "Complaint" is comprised of grievance documentation from 2022, and it also includes a one-page statement of claim. Plaintiff seems to allege in the statement of claim that he has tried to get assistance from prison officials, the county/state court where he was convicted, and from local emergency response officials, all to no avail. (Doc. 6 at 13). The grievance documents suggest that as early as 2021 or 2022, Plaintiff began to experience what he believed to be fraudulent or improper activity on his prison telephone account. (Doc. 6 at 5-6). His telephone pin was changed, and he was warned to keep his pin private to secure his phone line. Plaintiff also complained about missing legal property. (Doc. 6 at 9-10). As parties to the Complaint, Plaintiff names three additional co-plaintiffs, and he has named five defendants who all appear to be fellow inmates.

Plaintiff's initial Motion for a Preliminary Injunction (Doc. 1) and his Motion for Summary Judgment (Doc. 10) provide a bit more context. Plaintiff alleges that the

defendants somehow obtained his visiting and phone list, and with this information they have pursued a campaign of harassment and extortion against the co-plaintiffs or other friends or relatives that he is acquainted with outside of prison. He alleges that the perpetrators are using his criminal conviction to threaten his family via three-way calls. He has raised this issue with prison administrators but has not received any assistance. Plaintiff seeks a transfer to another prison and contact with the Court and his family. (Doc. 1 at 3). In the Motion for Summary Judgment (Doc. 10), Plaintiff describes the roles that he believes the named defendants have taken in securing and utilizing his phone and visitor lists, and criminal records about him. He also attached proof of his efforts to contact various public entities about his situation, as well as a few law firms.

## Analysis

Plaintiff's pleadings are defective for multiple reasons. First, as a pro se plaintiff, he cannot represent the interests of other individuals, so his listing of co-plaintiffs Jose Diaz, Cristobal Diaz and Leticia Lopez is improper. *See e.g.*, *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008). These parties will be terminated from this case.

Second, Plaintiff has named five defendants who are private individuals that are also inmates of the IDOC. To state a claim under § 1983, a plaintiff generally must allege that a person acting "under color of state law" violated his rights. In other words, he must demonstrate that the defendant is a state employee, or someone empowered or acting on behalf of the state. When a plaintiff brings a § 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d

816, 822 (7th Cir. 2009). To determine whether an employee of a private entity or a private person is acting under the color of state law, the court must find a "'close nexus between the State and the challenged action' that the challenged action 'may be fairly treated as that of the State itself.'" *Id.* at 823 (*quoting Jackson v. Metro Edison Co.*, 419 U.S. 345, 352 (1974)).

Here, none of Plaintiff's allegations suggest that the five fellow inmates named as defendants were acting as state employees, or otherwise had a close tie to the state in their actions. Instead, it appears that the defendants are private individuals who acted entirely of their own motivation. As such, Plaintiff cannot pursue a claim against any of these defendants under § 1983. Even if the Court assumed that the defendants were "state actors," the facts described still do not give rise to a constitutional claim under § 1983 because the actions described do not clearly align with any of the major causes for relief under § 1983. For example, common claims might include those about deliberate indifference to a serious medical need under the Eighth Amendment, or the right to practice one's religion under the First Amendment. Here, Plaintiff describes a course of harassment and extortion, but these theories align more closely with common law theories under state tort law than they do with any constitutional basis for relief.

Plaintiff's Complaint (Doc. 6), and his Motion for Summary Judgment[1] (Doc. 10) do not establish the existence of a viable claim under § 1983, or any other federal statute, so he also may not proceed on his Motion for a Preliminary Injunction (Doc. 1). To obtain

---

[1] Plaintiff's Motion for Summary Judgment (Doc. 10) is premature and procedurally improper at this early juncture when the defendants have not been served. It will be denied without prejudice.

injunctive relief, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *See e.g.*, *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010). Here, Plaintiff cannot demonstrate a likelihood that he would succeed on the merits of this case, because he does not have any valid underlying claims.

Based on the above analysis, Plaintiff's Complaint is insufficient to state a claim, his Motion for Summary Judgment (Doc. 10) will be denied as premature, and his Motion for a Preliminary Injunction (Doc. 1) will also be dismissed without prejudice. Plaintiff certainly may re-file a motion for injunctive relief with an amended complaint if he feels it is necessary, but as it stands now, the Court does not find that the allegations in the Motion for a Preliminary Injunction (Doc. 1) or Complaint (Doc. 6) warrant emergency relief.

Plaintiff will have 30 days from the date of this Order to file an amended complaint or to move to voluntarily withdraw this case if he believes he cannot plead a sufficient claim. The amended complaint will completely replace the earlier complaints. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Failure to submit an amended complaint on time could result in the dismissal of this entire lawsuit for failure to state a claim or failure to prosecute. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1056-57 (7th Cir. 1997) (dismissal is allowed for failure to comply with a court

order); 28 U.S.C. § 1915A. If Plaintiff fails to file anything, or if his amended complaint is also insufficient under § 1915A, this case may be dismissed with prejudice. A with prejudice dismissal could foreclose future efforts to litigate the claims presented in this case on the merits.

### Motion for Recruitment of Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 7) is **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers two factors—whether Plaintiff has made reasonable attempts to recruit his own counsel; and whether he is competent to represent his own interests. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has provided proof that he contacted at least one attorney (Doc. 7 at 3). He also contends that he has only a grade school education, Spanish is his first language, and he is not educated in the law.

While a language barrier can be an important factor in the decision to recruit counsel, there is no right to counsel in civil cases, and the Court finds that it is too early in this case to assess the relative merits and to determine that the appointment of counsel is warranted. At this very early stage, the only thing that Plaintiff needs to do is to identify the people that he thinks have harmed him, and to explain what each person did that harmed him. This does not require any legal training, nor does it require an extensive command of the English language. Plaintiff adequately seems to have understood and

responded to the Court's initial order requiring him to file a proper complaint, so the Court believes he is at least competent to attempt to draft a viable amended complaint.

## Conclusion

Plaintiff's Complaint is dismissed as insufficient to state a claim under 28 U.S.C. § 1915A.  Plaintiff's Motion for a Preliminary Injunction (Doc. 1) and his Motion for Summary Judgment (Doc. 10) are **DENIED** without prejudice.  Plaintiff's Motion for Counsel (Doc. 7) is also **DENIED** without prejudice.

Plaintiff shall have 30 days, until April 22, 2024, to file an amended complaint, or to move to voluntarily withdraw this case.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants Jose Diaz, Cristobal Diaz, and Leticia Lopez because Plaintiff is proceeding pro se, and as explained above, he cannot represent other individuals in this capacity.

**IT IS SO ORDERED.**

Dated: March 20, 2024  /s *David W. Dugan*

DAVID W. DUGAN
United States District Judge